IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SAYDA M. AYALA PINTO,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:26-CV-313-L-BT** |
| | § | **Filed Under Seal** |
| **ICE FIELD OFFICE DIRECTOR, DALLAS; SECRETARY OF HOMELAND SECURITY; and ACTING DIRECTOR OF ICE,** | § | |
| | § | |
| Respondents. | § | |

**ORDER**

On July 7, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc.12) was entered, recommending that the court deny Petitioner's habeas petition (Doc. 3) and dismiss with prejudice this action because: (1) the court cannot set aside or alter the bond order, Petitioner failed to exhaust available remedies, and Petitioner's allegations are conclusory; (2) Petitioner's claims for alleged civil rights violations are not cognizable in a habeas corpus proceeding; and (3) Petitioner is not entitled to relief under the All Writs Act. No objections to the Report were filed, and the 14-day deadline for filing objections under Federal Rule of Civil Procedure 72 has expired.

Having considered the habeas petition, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's habeas petition (Doc. 3) and **dismisses with prejudice** this action.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C.

§ 2253(c), the court **denies** a certificate of appealability,[*] as it determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that a notice of appeal is filed, Petitioner must pay the applicable appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 27th day of August, 2026.

Sam A. Lindsay
United States District Judge

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.